# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

**JESSE R. ORTIZ,**

    **Plaintiff**

Vs.                                                              **Case No:**_____

                                                             **JURY TRIAL DEMANDED**

**THE HERSHEY COMPANY,**

    **Defendant.**

## COMPLAINT

## COMPLAINT FOR DAMAGES

**COMES NOW** the Plaintiff, Jesse R. Ortiz, by and through his counsel, to file his Complaint for damages and so states:

### JURISDICTION

This Honorable Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. Section 1332, in that the parties are citizens of different states and the amount in controversy exceeds the sum or amount of $75,000.00, exclusive of interest and costs; to 28 U.S.C. Section 1331, as to the claims arising under the Title VII of the Civil Rights Act of 1964; Civil Rights Act of 1991 and 28 U.S.C. Sections 1331 and 2201, as to the claim of declaratory relief.

Venue is proper in this District pursuant to 28 U.S.C. Section 1391.

## CAUSES OF ACTION

The causes of action are as follows:  Title VII of the Civil Rights Act of 1964, and the Civil Rights Act of 1991.

## PARTIES

Plaintiff Jesse R. Ortiz is an adult citizen of Shelby County, Tennessee residing at 7133 Hurt Road, Horn Lake, MS 38637.  Plaintiff is married to Sylvia Ortiz, his wife of 34 years.  Plaintiff's date of birth is March 30, 1958.

Defendant The Hershey Company (hereinafter "Defendant Hershey") is a Delaware Corporation having a principal place of business located at 100 Crystal A. Drive, Hershey, PA is a proper party.  Service can be made on CT Corporation, 800 Gay Street, Ste 2021, Knoxville, TN  37929.

## FACTS

The Plaintiff asserts the following facts:

1. That Plaintiff, Jesse Ortiz, is a 53 yr old Hispanic male whose date of birth is March 30, 1958.

2. That Plaintiff was selected by the Corporate Office in Michigan to transfer to Memphis, Tennessee to open the Breathsavers / Mints Department.

3. That the primary duties of the Plaintiff included but were not limited to cleaning and troubleshooting the Presses.

4. That on or about October 21, 2001, Plaintiff was hired as a permanent, fulltime employee with Hershey.

5. That Plaintiff enjoyed a seamless tenure with Defendant Hershey until an incident on or about December 1, 2007 in which he was allegedly physically assaulted by a male (Caucasian) employee.

6. That pending a thorough investigation Plaintiff was suspended until further notice. The alleged employee who assaulted him was not disciplined (issued a Last Chance Agreement) and the entire incident was witnessed by other Hispanic and African American employees.

7. That Plaintiff was allowed to return to work and subsequently informed by the Human Resources Manager (Caucasian Female) that she was not happy with him and that if she could, she would fire him, that day.

8. That approximately one month later, Defendant developed and implemented an unwarranted "Last Chance Agreement" and issued it against the Plaintiff stating that if he subsequently violated any other policies he would be terminated.

9. That Plaintiff was subjected to a hostile work environment and subsequent retaliation effort by and through the Human Resources Manager (Caucasian Female).

10. That the subsequent written warnings in January 2009, May 2009 and March 2010 were the direct results of acts of retaliation by the Human Resources Manager (Caucasian Female) due to the fact that the Plaintiff was a Hispanic Male and senior employee at Hershey.

11. That after many months of earning a living for his family while working in a hostile and retaliatory work environment under Wanda McKinney (Caucasian Female) Plaintiff was wrongfully and unfairly terminated in August 2010.

12. That Plaintiff Ortiz has filed this complaint against Defendant, The Hershey Company regarding its discriminatory behavior. The EEOC Charge No. 490-2011-00965 filed on February 2, 2011 alleging racial discrimination. A Notice of Right to Sue was issued and dated September 27, 2011 regarding the EEOC Charge No. 490-2011-00965. Copies of the above referenced EEOC charges and Notice of Right to Sue is attached hereto as Exhibit "A." Thus this action regarding discrimination based on race is timely filed.

13. That based on the facts above the actions of Defendant The Hershey Company, through its employees and management, were clearly willful violations of the Title VII, Genetic Information, Nondiscrimination Act and thus this action is filed timely.

14. That Defendant, through its employees, deliberately took actions to cover up their racial discriminatory practices and retaliatory actions against Plaintiff. Defendant's actions and of its employees and agents constituted a willful violation of Title VII regarding discrimination based on sex and race.

15. That based on the above, all elements of a violation of Title VII is present.

### REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff Ortiz prays:

1. For a judgment finding that Defendant Hershey Company violated the Title VII Civil Rights Act of 1964 and the Civil Rights Act of 1991, Genetic Information Nondiscriminatory Act.

2. For a judgment finding that Defendant Hershey violated Title VII of the Civil Rights Act of 1964; and the Civil Rights Act of 1991

3. For a judgment awarding Plaintiff Ortiz all lost wages (including, but not limited to overtime, bonuses, fringe benefits), including accrued interest, and triple damages as a penalty for the willful illegal actions of the Defendant Hershey, by and through its employees.

4. That the Court award punitive damages against Defendant Hershey in the amount $2,000,000.00

5. That the Court assess attorney fees against Defendant Hershey .

6. That the Court award any other damages against Defendant Hershey as it deems necessary and appropriate.

Respectively submitted,

/s/ Linda Kendall Garner_____
Linda Kendall Garner (TN Bar No. 13573)
217 Exchange Avenue
Memphis, TN 38105
(901) 526-1890
(901) 526-1894 facsimile
Lgarner4@comcast.net