UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

-------------------------------------------------------X

JESSE ORTIZ,

                     Plaintiff,

      v.

THE HERSHEY COMPANY,

                  Defendant.

-------------------------------------------------------X

Case No.: 2:11-cv-03123 (STA)

ECF

---

**RESPONSE TO PLAINTIFF'S MOTION TO ACCEPT LATE
FILED CORRECTED RESPONSE TO DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT (DKT. NO. 60)**

---

Defendant The Hershey Company ("Hershey"), by and through its undersigned counsel, respectfully states as follows for its response to Plaintiff's July 29, 2013 "Motion To Accept Late Filed Corrected Response To Defendant's Motion For Summary Judgment."  Plaintiff's motion (Dkt. No. 60) (the "Motion") is accompanied by several supplemental summary judgment responsive submissions by Plaintiff (Dkt. Nos. 61-65) (the "Supplemental Submissions"), to which this response also is addressed.

**INTRODUCTION AND PROCEDURAL BACKGROUND**

Plaintiff's history in this matter has been one of missing deadlines and making last-minute, or untimely, requests for deadline extensions.  This pattern should not be allowed to continue.  Plaintiff's Motion should be denied, and his Supplemental Submissions disregarded,

by the Court, based on a lack of any underlying "excusable neglect," Fed. R. Civ. P. 6(b)(1), or "good cause shown," Fed. R. Civ. P. 16(b)(4).

## A.      Delays In Discovery Proceedings

Plaintiff's history of dilatoriness commenced early on, when he filed his Rule 26(a) initial disclosures approximately twelve days after the Court's deadline of August 15, 2012.  Plaintiff also served responses to Defendant's written discovery requests *months* beyond the thirty day timeframe required by the rules, and even those were woefully incomplete.[1]

As of the close of business on March 6, 2013, moreover—only two weeks before the then operative Court deadline for the completion of all discovery—Plaintiff had served no interrogatories or document requests of his own, nor noticed any depositions.

At 3:40 p.m. on March 6, 2013 (the eve of Defendant's planned, and long-before formally noticed, deposition of Plaintiff), Plaintiff served notices of deposition for four Defendant witnesses, two of which were scheduled *outside* the March 21, 2013 discovery completion deadline.  Following the Court's grant of Plaintiff's March 21, 2013 motion to extend the discovery deadline to May 20, 2013, the parties completed their outstanding discovery.

In the interim, on March 14 and 15, 2013, Plaintiff filed *subpoenas* with the Court, commanding a return date for production of documents by Defendant on March 19, 2013. Defendant provided timely written objections to Plaintiff's subpoenas on April 1, 2013, followed by Plaintiff's May 6, 2013 filing of a motion to compel responses to his subpoenas.  By Order dated June 26, 2013, Magistrate Judge Tu M. Pham denied Plaintiff's motion to compel,

---

[1] Following Defendant's counsel repeated attempts to secure responses thereto, on November 15, 2012, Plaintiff provided partial answers to some of Defendant's Interrogatories, but still no written responses or documents in response to its Document Requests.  Following additional attempts to secure compliance with Plaintiff's discovery responsibilities, finally, on January 7, 2013, Plaintiff provided supplemental Interrogatory answers and preliminary written Document Request responses, and he produced some requested documents.

concluding that his subpoenas "constituted an improper attempt to circumvent Rule 34 and the discovery deadline." (Dkt. No. 51)

**B.      Delays in Summary Judgment Proceedings**

The effect of Plaintiff's discovery delays and his granted motion for a 2-month extension to the discovery deadline was that Defendant's summary judgment motion was not to be filed until June 20, 2013, rather than April 20, 2013, as provided for in the Court's initial scheduling order.  Moreover, although Defendant timely filed its summary judgment motion on June 20, 2013 (Dkt. No. 50), on July 18, 2013, the date on which Plaintiff's response to said motion was due, Plaintiff's counsel contacted Defendant's counsel to request an extension, to July 23, 2013, to file his response.  Extending common courtesy, based on Plaintiff's counsel's representation that she had just been hit with an appellate motion, Defendant's counsel consented to the request on condition that any motion include a request for a corresponding extension for Defendant's reply.  On July 19, 2013, Plaintiff filed his motion for an extension, in accord with that agreed to between the parties' counsel.  (Dkt. No. 55)  The Court has not yet ruled on said motion.

On July 23, 2013, Plaintiff filed an "Amended Motion for an Extension of Time to File," seeking an additional two days (to July 25, 2013), to file his summary judgment response, and a corresponding extension to the due date for Defendant's reply (to August 8, 2013).  (Dkt. No. 56) Plaintiff represented therein that his "Brief is primarily complete, is in the proof stage, and exhibit organization."  Defendant neither consented to nor objected thereto, and the Court has not yet ruled on said motion.

Plaintiff thereafter did not file his summary judgment response until July 25, 2013.  (Dkt. Nos. 57-59)

8309/35985-022 current/38168996v1

### C.      The Instant Motion

On July 26 and July 29, 2013, Plaintiff's counsel conferred with Defendant's counsel again to seek consent for a further extension, for the purpose of filing an amended summary judgment response.  During said conferences, Plaintiff's counsel represented that it sought only to correct non-substantive typographical/grammatical errors, and to upload case law exhibits that had not been accepted through ECF at the time of the prior, July 25, 2013 filings.  Plaintiff's counsel emphasized that no substantive changes or additions would be made to his July 25, 2013 filings. Defendant responded that it could neither consent nor object to Plaintiff's request at the time, not having seen the supplemental filings that Plaintiff's counsel proposed.

On July 29, 2013, Plaintiff submitted the instant Motion and filed his Supplemental Submissions.  Contrary to that previously represented by Plaintiff's counsel, the Supplemental Submissions contain revised wording in certain sentences in his memorandum of law and the movement of other sentences structurally.  In addition, included within the Supplemental Submissions is a *notarized* version of the previously unsworn, un-notarized statement ("Statement") by Sylvia Ortiz (suspicious not only for Plaintiff's counsel's failure to mention it in conference, but also because the witness's signature, dated July 23, 2013, appears identical to that contained in the previously filed Statement, yet now is accompanied by the signature of a notary stamp purporting to have "witnessed" that very same signature).

## ARGUMENT

**THE COURT SHOULD DENY PLAINTIFF'S MOTION AND DISREGARD HIS SUPPLEMENTAL SUBMISSIONS WHEN RULING ON SUMMARY JUDGMENT.**

Fed. R. Civ. P. 6(b) provides that when a party request that a court accept a filing after its due date, the court may do so "where the failure to [file before the deadline] was the result of

4

excusable neglect."  Fed. R. Civ. P. 16(b) similarly provides that a scheduling order "may be modified only for good cause shown."

When determining whether to grant a motion requesting court acceptance of a late-filed submission, that, as here, would have the effect of modifying a due date in a scheduling order, courts consider a totality of factors, including whether the late-filing party acted in good faith, whether the delay was within the reasonable control of the moving party, the reason for the delay, and the danger of prejudice.  *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993) ("*Pioneer*").  As Courts in this district have explained, moreover, "**[t]he linchpin of Rule 16(b)'s good cause standard** is the diligence of the party seeking to deviate from the scheduling order's deadlines." *Birge v. Dollar Gen. Corp.*, 2006 U.S. Dist. LEXIS 2983, at *3 (W.D. Tenn. Jan. 12, 2006) (citation omitted; emphasis added).  "Lack of diligence and carelessness are hallmarks of failure to meet the good cause standard," and if a "party is not diligent, the inquiry should end." *Id*.  "**A litigant's inattention or error is not good cause by any standard.**" *Id*. (citation omitted; emphasis added).

Under these standards, there should be no doubt that Plaintiff's Motion should be denied and his Supplemental Submissions disregarded.  Plaintiff's Motion comes after two back-to-back prior requests for extensions to the deadline for submissions in response to Defendant's summary judgment motion, and after a long history of delays and skirting of deadlines by Plaintiff.  Given this backdrop, Defendant respectfully submits that Plaintiff has not been diligent, and any "mistakes" associated with his July 25, 2013 submissions are no more than "error[s]," which are "not good cause by any standard." *Birge*, 2006 U.S. Dist. LEXIS 2983, at *3.  Given the discrepancies between Plaintiff's representations to Defendant's counsel and the actual documents filed on July 29, 2013, there appears to be a lack of "good faith" on Plaintiff's part,

8309/35985-022 current/38168996v1                                                          08/12/2013 8:07 pm

and no "good reason" for the Court to allow his Supplemental Submissions. *Pioneer*, 507 U.S. at

395.  In addition, a comparison of Plaintiff's July 25, 2013 submissions with his July 29, 2013

Supplemental Submissions demonstrate that the latter go well beyond.

**CONCLUSION**

For the foregoing reasons, the Court should deny Plaintiff's Motion and disregard his

Supplemental Submissions.

8309/35985-022 current/38168996v1                                                 08/12/2013 8:07 pm