**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

| | | |
|---|---|---|
| **JESSE ORTIZ,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 11-3123-STA-tmp** |
| | ) | |
| **HERSHEY COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

---

**ORDER GRANTING PLAINTIFF'S MOTIONS FOR EXTENSION AND DENYING AS**
**MOOT PLAINTIFF'S MOTION TO DISMISS**

---

Before the Court are a series of Motions filed by Plaintiff Jesse Ortiz, all of which relate to the parties' briefing on Defendant Hershey Company's motion for summary judgment. For the reasons set forth below, Plaintiff's Motions related to his request for extensions are **GRANTED**, and Plaintiff's Motion to Dismiss Defendant's Reply is **DENIED**.

## BACKGROUND

On June 20, 2013, Defendant filed a motion for summary judgment, seeking judgment as a matter of law on Plaintiff's claims for race and gender discrimination and retaliation. Under Local Rule of Court 56.1(b), Plaintiff's response was due on or before July 21, 2013.[1] On July 19, 2013, Plaintiff filed an unopposed Motion for an Extension of Time (D.E. # 55) to respond to Defendant's

---

[1] Plaintiff receives the benefit of three additional days pursuant to Rule 6(d) of the Federal Rules of Civil Procedure.

Rule 56 Motion.[2]   Then on July 23, 2013, Plaintiff filed an Amended Motion for Extension of Time

to Respond (D.E. # 56).   Plaintiff sought an extension of three days in which to file her response

brief but stated that counsel was unable to consult with opposing counsel prior to filing the Amended

Motion.[3]   Thereafter, Plaintiff filed his response brief and exhibits (D.E. # 57, 58, 59) on July 25,

2013.

On July 29, 2013, Plaintiff filed a Motion to Accept a Late-Filed Corrected Response (D.E.

# 60).   According to the Motion, counsel for Plaintiff received a notice of correction from "the ECF

technical team."[4]   Plaintiff goes on to state that "in preparing to correct the deficiency, counsel

noticed that grammatical corrections to the brief had not been completed, and that the document as

filed, was not the intended submission."  Mot. 2.  Plaintiff further states that certain exhibits to the

response brief were not successfully docketed.   Under the circumstances, Plaintiff requests that the

Court accept the corrected brief, even though it was filed beyond the deadline.   Plaintiff then

proceeded to file the corrected brief and its exhibits (D.E. # 61–66).

Defendant has responded in opposition to Plaintiff's Motion to Accept the Late-Filed

Response, arguing that Plaintiff has failed to show good cause or excusable neglect for missing the

deadline.  Defendant reviews other instances in this case where Plaintiff has missed deadlines and

---

[2]  For good cause shown and with no opposition from Defendant, Plaintiff's unopposed
Motion is **GRANTED**.

[3]  Technically, Plaintiff's Amended Motion violated Local Rule 7.2 because Plaintiff did
not actually consult with opposing counsel.  Even so, Plaintiff's Amended Motion is
**GRANTED**.

[4]  The Court notes that no deficiency notice or courtesy notice appears on the docket, and
so it is not clear to the Court how counsel received notice of a deficiency or what form the notice
took.

otherwise engaged in a pattern of dilatory conduct.  Defendant also states that counsel for Plaintiff had previously conferred with counsel for Defendant about the revisions she proposed to make to her response brief.  According to Defendant, counsel for Plaintiff had indicated she wished only to make grammatical changes.  However, the corrected brief actually includes new wording in some sentences and other changes to the brief.  Defendant also points out that the corrected brief is accompanied by the statement of Sylvia Ortiz.  In the initial filing of the response brief, Plaintiff had submitted an unsigned, unsworn statement from Mrs. Ortiz dated July 23, 2013.  In the corrected filing, Mrs. Ortiz's statement is now notarized but bears the same date of July 23, 2013.  Defendant asserts that no good cause exists to allow the filing of the corrected brief.

Additionally, Defendant filed its reply brief in support of its motion for summary judgment (D.E. # 67) on August 8, 2013, and addressed its arguments to Plaintiff's initial response and not the corrected response.  On August 27, 2013, Plaintiff filed a Motion to Dismiss (D.E. # 74) the reply, arguing that the brief exceeded the page limit for replies established by the Local Rules.  According to the certificate of consultation, Defendant opposes Plaintiff's Motion.[5]

Trial in this matter was previously set for September 16, 2013.  On August 12, 2013, the parties filed a joint motion to continue (D.E. # 72).  The parties stated that due to earlier extensions of the discovery period, the period of time between the deadline for filing dispositive motions and the trial date was 60 days shorter than previously anticipated.  The parties further stated their wish to avoid the time and expense of trial preparation until the Court had ruled on the pending motion

---

[5] On August 9, 2013, Plaintiff had filed an initial motion to strike the reply (D.E. # 68), which the Court denied for failure to consult with opposing counsel.

3

for summary judgment.  The Court granted the joint motion and intends to reset the trial date, if

necessary, following the disposition of Defendant's Rule 56 motion.

<u>ANALYSIS</u>

**I.  Plaintiff's Motion to Accept Late-Filed Response**

Rule 6(b) states that "when an act may or must be done within a specified time, the court may

for good cause, extend the time . . . on motion made after the time has expired if the party failed to

act because of excusable neglect."[6]  The Court must examine five factors to determine whether

excusable neglect exists: (1) the danger of prejudice to the nonmoving party, (2) the length of the

delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the

delay was within the reasonable control of the moving party, and (5) whether the late-filing party

acted in good faith.[7]  In this case Plaintiff did not actually fail to act.  Plaintiff filed a timely motion

for extension, which the Court has now granted, and then filed his brief in response to the motion

for summary judgment by the deadline.  The issue is simply whether the Court should allow Plaintiff

to submit a corrected brief two business days beyond the filing deadline.

The Court finds good cause to accept Plaintiff's late-filed, corrected response.  The delay

between the filing of the initial brief and the corrected brief was minimal.  Although the errors in

Plaintiff's initial brief  were avoidable and entirely attributable to counsel, the corrected brief does

not substantially alter the initial brief.  For instance, it does not appear to the Court that Plaintiff has

raised new arguments or enhanced her existing arguments with additional evidence or legal

---

[6] Fed. R. Civ. P. 6(b)(1)(B).

[7] *Nafziger v. McDermott Intern., Inc.*, 467 F.3d 514, 522 (6th Cir. 2006) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395 (1993)).

authority.  The Court also finds that Defendant will not suffer prejudice if the Court accepts the late-filed brief.  The Court has continued the trial in this matter and only intends to reset the trial once the Court makes its summary judgment ruling.  For reasons more fully explained below, Defendant will have an opportunity to submit a revised reply.  Under all of the circumstances, Plaintiff's Motion to Accept the Late-Filed Brief will be **GRANTED**.

## II.  Plaintiff's Motion to Dismiss Defendant's Reply

Plaintiff has also moved to strike or dismiss Defendant's reply brief for exceeding Local Rule 56.1's 10-page limit for reply briefs.  For purposes of the page limit, Local Rule 7.1(d) states that "[p]age limitations imposed by these Local Rules do not include ca[p]tions, signature lines, and certificates of service and/or consultation."[8]  Defendant's 15-page reply includes 5 pages for its caption page, signature page, and certificate of service as well as a table of contents, table of authorities, and an appendix of abbreviations used in Defendant's brief, which are not required under the Local Rules.  Once these pages are excluded, Defendant's reply brief is actually 10 pages long.  Even so, the reply brief fails to comply with the Local Rules in that 6 of the 10 pages in the brief are single-spaced.  Local Rule 7.1(b) states that for all papers presented for filing, "[l]ines must be double-spaced, except that quotations may be indented and single-spaced and headings and footnotes may be single-spaced."  Defendant has single-spaced its responses to Plaintiff's additional facts.  This portion of Defendant's brief fails to comply with the Local Rules of Court and in effect allows Defendant to circumvent the page limitations set for reply briefs.

In light of the fact that the Court is accepting Plaintiff's late-filed response, the Court will grant Defendant leave to submit another reply brief addressed to the corrected response.  As

---

[8] Local R. 7.1(d).

previously mentioned, Defendant has filed a reply that cites to Plaintiff's initial brief, and not the corrected brief.  Defendant's revised reply should comply with the page limits and other conventions set by the Local Rules.  Therefore, Plaintiff's Motion to Dismiss Defendant's reply is **DENIED** as moot.  Defendant's revised reply is due by Friday, September 13, 2013.  The filing of Defendant's revised reply will conclude the briefing on Defendant's motion for summary judgment and allow the Court to proceed to reach the merits of the motion.

      **IT IS SO ORDERED.**

                                                        **s/ S. Thomas Anderson**
                                                        S. THOMAS ANDERSON
                                                        UNITED STATES DISTRICT JUDGE

                                                        Date: August 30, 2013